(8 Misc. Rep. 26.)

## VAN TASSEL v. BEECHER.

(Superior Court of New York City, General Term. April 2, 1894.)

PLEADING—MOTION TO MAKE MORE DEFINITE AND CERTAIN.

The denial of a motion to make a complaint more definite and certain does not prejudice defendant where the alleged uncertainty was the doubt as to whether plaintiff intended to proceed on one cause of action or another, and plaintiff, by stipulation in open court, specified the cause of action on which he intended to rely.

Appeal from special term.

Action by Emory M. Van Tassel against Henry Barton Beecher. From an order denying a motion to make the complaint more definite and certain, defendant appeals. Affirmed.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

George Richards, for appellant.

C. N. Bovee, for respondent.

SEDGWICK, C. J. The defendant moved that the complaint be made more definite and certain. The order made, and now appealed from, is as follows:

"Plaintiff, by his said counsel, having stipulated in open court that plaintiff relies upon the employment of defendants as insurance brokers, and the acceptance of said employment by said defendants, and the undertaking of said defendants as insurance brokers, to obtain insurance covering the plaintiff's property, described in the complaint, and not upon an absolute agreement upon the part of the defendants to renew the insurance, or to obtain insurance, it is hereby ordered that said motion be denied."

The defendant was not aggrieved by this order, and is not entitled to succeed here. It is admitted that the only contract set forth in the complaint is an absolute agreement by the defendant to procure insurance. The defendant is relieved from prosecution upon it by the plaintiff by the stipulation of the order that the plaintiff does not rely upon an absolute agreement upon the part of the defendant. This destroys the efficacy of the part of the complaint referred to, and the defendant need pay no further attention to it.

It is further argued that, if the allegations of that contract in the complaint be stricken out, not enough is left to constitute any cause of action at all; that without the addition of the unverified

stipulation contained in the order, which the defendant cannot take cognizance of, the complaint is hopelessly insufficient and obscure, and in fact demurrable. It is not the office of a motion of this kind to determine whether a pleading is demurrable. But a party cannot be aggrieved by a pleading being left in a state as to which he will have a full remedy. In reality the uncertainty complained of was the doubt as to whether plaintiff intended to proceed upon one possible cause of action or another. The order made settled that doubt. The order can never be a part of the pleadings, but can be referred to, even upon the trial of an issue of law, to determine what the issue is. Order affirmed, with $10 costs. All concur.